| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL VII | | |
| LUIS HIRAM QUIÑONES SANTIAGO<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202400284 | Revisión Judicial procedente del Departamento de Corrección y Rehabilitación<br><br>Sobre:<br>Solicitud de Remedio Administrativo<br><br>Caso Número:<br>GMA-500-126-24 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 22 de julio de 2024.

El recurrente, señor Luis Hiram Quiñones Santiago, comparece ante nos y solicita que dejemos sin efecto *Respuesta al Miembro de la Población Correccional* emitida por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación, el 15 de abril de 2024, notificada el 18 de abril de 2024. Mediante la misma, el referido organismo denegó una solicitud dirigida a obtener copia de un informe presentado ante la Junta de Libertad Bajo Palabra.

Por los fundamentos que expondremos a continuación, se revoca la determinación recurrida.

### I

El 12 de febrero de 2024, el recurrente presentó una *Solicitud de Remedio Administrativo*, recibida el 26 de febrero de 2024 por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación. En la misma, expuso que, el 2 de febrero de 2024, recibió una *Resolución* de la Junta de Libertad Bajo Palabra en la que determinó que no contaba con un plan de salida

vigente. De este modo, solicitó que se le entregara copia del informe sometido por el Departamento de Corrección y Rehabilitación a la Junta de Libertad Bajo Palabra.

En respuesta, el 15 de abril de 2024, el Departamento de Corrección y Rehabilitación emitió *Respuesta al Miembro de la Población Correccional.* En el escrito, el organismo informó al recurrente que ya había sido entregado el informe a la Junta de Libertad Bajo Palabra, para que tomaran cualquier acción correctiva que resultara meritoria.

Inconforme, el 18 de abril de 2024, el recurrente presentó una *Solicitud de Reconsideración*, recibida el 15 de mayo de 2024. Planteó no estar de acuerdo con la contestación recibida, ya que deseaba recibir el informe para poder llevar su situación ante el tribunal, por derecho propio. El 20 de mayo de 2024, el Departamento de Corrección y Rehabilitación emitió *Respuesta de Reconsideración al Miembro de la Población Correccional,* denegando la petición de reconsideración. Fundamentó su denegatoria en el *Manual de Normas y Procedimientos A.C. OA-SS-99, Servicios, Manejo de Expedientes de la Población Correccional, del 29 de noviembre de 1999.* Alegó, que este no autorizaba la entrega de la copia solicitada.

Aún en desacuerdo, el 31 de mayo de 2024, el recurrente compareció ante nos mediante recurso de revisión judicial. En esencia, impugna la respuesta recibida por el Departamento de Corrección y Rehabilitación, y reitera su solicitud de recibir copia del aludido informe.

## II

### A

Es norma firmemente establecida en el estado de derecho vigente, que los tribunales apelativos están llamados a abstenerse de intervenir con las decisiones emitidas por las agencias

administrativas, todo en deferencia a la vasta experiencia y conocimiento especializado que les han sido encomendados. *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018); *The Sembler Co. v. Mun. de Carolina,* 185 DPR 800, 821-822 (2012); *Asoc. Fcias. v. Caribe Specialty et al. II,* 179 DPR 923, 940 (2010). La sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, establece el alcance de la revisión judicial respecto a las determinaciones administrativas. A tal efecto, la referida disposición legal expresa como sigue:

> El tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.
>
> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.
>
> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.
>
> 3 LPRA sec. 9675.

Al momento de revisar una decisión agencial, los tribunales deben ceñirse a evaluar la razonabilidad de la actuación del organismo. *Rolón Martínez v. Supte. Policía,* supra; *The Sembler Co. v. Mun. de Carolina,* supra. Por ello, los tribunales no deben intervenir o alterar las determinaciones de hechos que emita, siempre que estén sostenidas por evidencia sustancial que surja de la totalidad del expediente administrativo. *Otero v. Toyota,* 163 DPR 716, 727-728 (2005); *Pacheco v. Estancias,* 160 DPR 409, 432 (2003). En este contexto, nuestro Tribunal Supremo ha definido el referido concepto como aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Rolón Martínez v. Supte. Policía,* supra; *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* 144 DPR 425, 437 (1997).

A tenor con esta norma, los foros judiciales limitan su intervención a evaluar si la decisión de la agencia es razonable y no

si hizo una determinación correcta de los hechos ante su consideración. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* supra. En caso de que exista más de una interpretación razonable de los hechos, el tribunal debe sostener lo concluido por la agencia, evitando sustituir el criterio del organismo por sus propias apreciaciones. *Pacheco v. Estancias,* supra. Ahora bien, esta norma de deferencia no es absoluta. La misma cede cuando está presente alguna de las siguientes instancias: (1) cuando la decisión no está fundamentada en evidencia sustancial; (2) cuando el organismo administrativo ha errado en la apreciación de la ley, y; (3) cuando ha mediado una actuación irrazonable o ilegal. *Costa Azul v. Comisión,* 170 DPR 847, 852 (2007).

**B**

En virtud de la autoridad conferida al Administrador de Corrección por el Plan de Reorganización del Departamento de Corrección y Rehabilitación Núm. 2 de 21 de noviembre de 2011, 3 LPRA Ap. XVII, según enmendado, se adoptó el Reglamento para Atender Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento Núm. 8583 del 4 de mayo de 2015.

El objetivo principal del Reglamento Núm. 8583, *supra,* es que toda persona recluida en una institución correccional disponga de un organismo administrativo, en primera instancia, ante el cual pueda presentar una solicitud de remedio, con el fin de minimizar las diferencias entre los miembros de la población correccional y el personal, y para evitar o reducir la radicación de pleitos en los tribunales de justicia. La solicitud de remedio se define como un recurso que presenta un miembro de la población correccional por escrito, de una situación que afecte su calidad de vida y seguridad, relacionado a su confinamiento. Regla IV (24) del Reglamento Núm. 8583, *supra.* La División de Remedios Administrativos del

Departamento de Corrección y Rehabilitación tendrá jurisdicción, entre otras cosas, para atender toda solicitud de remedio radicada por los miembros de la población correccional relacionada directa o indirectamente con actos o incidentes que afecten personalmente al miembro de la población correccional en su bienestar físico, mental, en su seguridad personal o plan institucional. Regla VI (1) del Reglamento Núm. 8583, *supra*.

La División de Remedios Administrativos deberá realizar las gestiones necesarias para lograr que el planteamiento del miembro de la población correccional sea resuelto. Regla V (1) (c) del Reglamento Núm. 8583, supra. Luego de emitida la respuesta, de estar en desacuerdo el miembro de la población correccional con esta, podrá solicitar reconsideración. Regla XIV del Reglamento Núm. 8583, supra. Además, tendrá un término de treinta (30) días a partir del archivo en autos de la copia de la notificación de la resolución de reconsideración, para solicitar revisión judicial ante el Tribunal de Apelaciones. Regla XV del Reglamento Núm. 8583, supra.

En lo aquí pertinente, el *Manual de Normas y Procedimientos A.C. OA-SS-99, Servicios, Manejo de Expedientes de la Población Correccional, del 29 de noviembre de 1999*, regula los procedimientos y requisitos que deberán cumplirse relacionados a los expedientes de los confinados.

La sección VII (1) del Manual establece que:

> **"[l]os miembros de la población correccional tendrán acceso a la información en sus expedientes por conducto de su técnico de servicios sociopenales;** en el caso del expediente social[,] el técnico de servicios sociopenales la suministrará directamente y, en el caso del expediente criminal, hará las gestiones con el técnico de record".    (Énfasis nuestro).

**C**

Por otra parte, la Junta de Libertad Bajo Palabra fue creada mediante la aprobación de la Ley Orgánica de la Junta de Libertad Bajo Palabra, Ley Núm. 118 de 22 de julio de 1974, 4 LPRA sec. 1501 *et seq*, según enmendada. Dicho estatuto otorgó a la Junta el poder para decretar que cualquier persona recluida en las instituciones correccionales de Puerto Rico, pueda cumplir la última parte de su condena bajo el privilegio de libertad bajo palabra y conforme a las condiciones que a tal fin se impongan. 4 LPRA sec. 1503; *Benítez Nieves v. ELA et al.,* 202 DPR 818, 825 (2019); *Toro Ruiz v. J.L.B.P. y Otros*, 134 DPR 161, 166 (1993). La concesión del privilegio de libertad bajo palabra será decretado en el mejor interés de la sociedad y cuando medien las circunstancias para creer con razonable certeza que ayudará a la rehabilitación del confinado. 4 LPRA sec. 1503. De ahí que se faculta a la Junta para establecer las condiciones que intime necesarias para conciliar ambos fines.

En virtud de ello, se aprobó el Reglamento de la Junta de Libertad Bajo Palabra, Reglamento Núm. 9232 de 18 de noviembre de 2020, 3 LPRA secs. 9601 *et seq*. (Reglamento Núm. 9232). Creado para establecer las normas procesales que regirán el descargo de la función adjudicativa de la Junta de Libertad Bajo Palabra.

En lo pertinente al caso ante nuestra consideración, el Artículo XVI del Reglamento Núm. 9232, *supra*, regula lo relacionado a los expedientes administrativos. A tal efecto, la referida disposición legal expresa como sigue:

A. La Junta mantendrá un expediente de cada peticionario y liberado, el cual contendrá todos los documentos relacionados al caso, incluyendo los informes de los Oficiales Examinadores, las notificaciones, órdenes y resoluciones de la Junta, los escritos presentados por las partes y los **informes presentados por el**

**Departamento de Corrección y Rehabilitación, entre otros.**

[…]

C. La información contenida en los expedientes de la Junta podrá ser divulgada, únicamente, en las siguientes instancias:

1. **Cuando medie el consentimiento voluntario y por escrito del peticionario** o liberado o de la persona que tenga al peticionario o liberado bajo su custodia legal por estar éste incapacitado para otorgar tal consentimiento.

2. Para propósitos directamente relacionados con la administración de la justicia en casos criminales.

[…]

E. La información relacionada a la dirección residencial y de negocios, así como los números telefónicos de las víctimas se mantendrá confidencial. **Ningún informe, papel, dibujo, fotografía o documento que contenga dicha información y esté bajo la custodia de la Junta, estará disponible para inspección pública, a menos que la información de la dirección y teléfono de la víctima haya sido omitida.** Ningún funcionario o empleado público divulgará la información sobre la dirección y teléfonos de la víctima, salvo en las instancias establecidas en el Artículo 2(c) de la Ley Núm. 22 de 22 de abril de 1988, según enmendada, mejor conocida como la Carta de Derechos de las Víctimas y Testigos de Delito.

F. **Toda persona que interese la reproducción de documentos contenidos en el expediente de la Junta, siempre y cuando esté autorizado para**

**accesar dicha información, tendrá que pagar las costas de reproducción establecidas por la Junta.** El Secretario de la Junta no hará entrega de dichas copias hasta tanto la parte interesada satisfaga el pago de reproducción.

### III

En la presente causa, el recurrente, en esencia, impugna la respuesta por la cual la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación denegó su solicitud de recibir copia del informe presentado ante la Junta de Libertad Bajo Palabra. Habiendo examinado su planteamiento a la luz de los hechos acontecidos y el derecho aplicable, resolvemos revocar la determinación recurrida.

Un examen de la reglamentación aplicable mueve nuestro criterio a diferir de lo resuelto por el Departamento de Corrección y Rehabilitación. No podemos, sino, concluir, que en su gestión adjudicativa el Departamento de Corrección y Rehabilitación se apartó de las normas que adecuadamente atienden la controversia de epígrafe, al no suministrar copia del informe entregado ante la Junta de Libertad Bajo Palabra, según fue solicitado por el recurrente.

Resaltamos que, surge del Reglamento Núm. 9232, *supra*, que la Junta de Libertad Bajo Palabra mantendrá un expediente, el cual deberá contener todos los documentos relacionados al caso del peticionario, entre los que se incluye los informes presentados por el Departamento de Corrección y Rehabilitación. De igual forma, establece que la información contenida en los expedientes podrá ser divulgada si media el consentimiento voluntario y por escrito del peticionario. Esto, siempre y cuando los documentos relacionados no contengan información relacionada a las víctimas, la cual deberá mantenerse confidencial, y luego de que la persona interesada en la

reproducción de documentos esté autorizada y pague las costas de reproducción.

Cónsono con lo anterior, el aludido *Manual de Normas y Procedimientos A.C. OA-SS-99, Servicios, Manejo de Expedientes de la Población Correccional, del 29 de noviembre de 1999* de la Administración de Corrección, establece que los miembros de la población correccional deberán tener acceso a la información en sus expedientes por conducto de su técnico de servicios sociopenales.

Al amparo de lo anterior, concluimos que fue irrazonable la determinación del Departamento de Corrección y Rehabilitación, puesto a que no se expuso una razón válida por la cual no pueda entregársele al recurrente copia del informe solicitado. Destacamos que la agencia no justificó su determinación en que los documentos solicitados contengan información sobre las víctimas, la cual está vedada.

En mérito de lo antes expuesto, por no tratarse de un documento que contenga información confidencial y ser uno relacionado directamente al proceso del recurrente ante la Junta de Libertad Bajo Palabra, concluimos que el informe debe ser entregado al recurrente. Esto, luego de que se realice el correspondiente pago de las costas de reproducción.

**IV**

Por los fundamentos expuestos, se *revoca* el dictamen recurrido y se ordena al Departamento de Corrección y Rehabilitación a proveerle al recurrente copia del informe solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones. La Juez Grana Martínez disiente sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones